1

O/JS-6

2

3

4

5

6

7

8                        UNITED  STATES  DISTRICT  COURT

9              FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

10

11   JOHN RAFTER                        )        **CASE NO.** SA CV 08-1230 DOC (MLGx)
                                        )
12                   **Plaintiff(s),**         )
                                        )
13            **v.**                           )
                                        )        **ORDER GRANTING DEFENDANT'S**
14                                      )        **MOTION TO TRANSFER VENUE**
     I. GARY WASSERMAN, ET AL.          )
15                                      )
                                        )
16                                      )
                     **Defendant(s).**        )
17   _____   )

18

19        Before the Court is Defendants I. Gary Wasserman, Deborah M. Kornheiser, and Wasserman

20   Kornheiser, LLP's motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3), or alternatively,

21   to transfer the action pursuant to 28 U.S.C. § 1406, due to improper venue.  The Court finds the

22   matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After

23   considering the moving, opposing, and replying papers thereon, and for the reasons stated below,

24   the Court hereby GRANTS Defendants I. Gary Wasserman, Deborah M. Kornheiser, and

25   Wasserman Kornheiser, LLP's Motion to Transfer to the Southern District of California.

26                              **I. Factual Background**

27        On November 3, 2008 Plaintiff ("Plaintiff") John Rafter filed a complaint against Defendants

28   I. Gary Wasserman; Deborah M. Kornheiser; Wasserman Kornheiser, LLP; Associa; NN Jaeschke,

1  Inc.; Michelle Steinbock; Verano Condominium Homeowners Association; Jane Doe Bookkeeper

2  #1; Jane Doe Bookkeeper #2, Matt Holman; Erika Koto; Judy Knowles; Alex Munoz; and Jonathon

3  Shufelt for violation of the Fair Debt Collection Practices Act and other related causes of action.

4  All named Defendants reside in San Diego, California which sits in the Southern District of

5  California.

6        Plaintiff is a member of Defendant Verano Condominium Home Owners Association

7  ("Verano") for a condominium he owns in San Diego, California.  Plaintiff made monthly payments

8  to Verano through Wells Fargo bank.  Plaintiff alleges that Defendants Associa and NN Jaeschke,

9  the home association management organizations responsible for Verano, failed to credit his monthly

10  payments.  Plaintiff alleges that Defendants Associa and NN Jaeschke subsequently took improper

11  debt collection action against him.  Plaintiff additionally alleges that the Defendants I. Gary

12  Wasserman, Deborah M. Kornheiser, and Wasserman Kornheiser ("WK") failed to investigate the

13  debt and improperly placed a lien on Plaintiff's property.  Plaintiff informed WK of his poor health

14  and requested WK cease communications to allow for his recovery.  Plaintiff alleges that WK failed

15  to cease communications and as a result, he was hospitalized.   Plaintiff was located in the Central

16  District of California throughout these interactions with Defendants.   Plaintiff's ultimate

17  hospitalization also occurred in the Central District of California.

## II. Legal Standard

19        Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal based

20  on improper venue.  The burden is on the plaintiff to show that venue is proper.  *See Nissan Motor*

21  *Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (noting that "most courts

22  hold that the plaintiff bears the burden of establishing proper venue").  This burden is satisfied

23  where the plaintiff provides a "prima facie showing of proper venue."  *Id*.  The Court need not

24  accept the pleadings as true, and may look to facts outside of the pleadings.  *Murphy v. Schneider*

25  *Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  If the Court determines that the Rule 12(b)(3)

26  motion is sufficient, the Court must either dismiss or, "in the interest of justice," transfer the case.

27  28 U.S.C. § 1406(a).

28

1                                    **III. Discussion**

2          The Court finds that venue is improper in the Central District of California and

3 transfer to the Southern District of California in the interest of justice per the requirements of 28

4 U.S.C. § 1406(a).

5         **A. Venue is improper in the Central District of California and proper in the**

6              **Southern District of California.**

7          The Court finds that venue in the Central District of California is improper and venue

8 in the Southern District of California proper.  When venue is improper in the transferor court, the

9 court must dismiss or transfer a claim "if it be in the interest of justice" "to any district or division

10 in which it could have been brought."  28 U.S.C. § 1406(a). According to 28 U.S.C. § 1391(b),

11 venue in a

12          civil action wherein jurisdiction is not founded solely on diversity of

13          citizenship may, except as otherwise provided by law, be brought only

14          in (1) a judicial district where any defendant resides, if all defendants

15          reside in the same State, (2) a judicial district in which a substantial part

16          of the events or omissions giving rise to the claim occurred, or a

17          substantial part of property that is the subject of the action is situated,

18          or (3) a judicial district in which any defendant may be found, if there

19          is no district in which the action may otherwise be brought.

20 28 U.S.C. § 1391(b).  Venue is appropriate in the Southern District of California because as noted

21 by WK's Motion to Transfer and can be inferred by Plaintiff's Complaint, all Defendants reside in

22 the Southern District of California. Furthermore, the unfair debt collection practices which allegedly

23 gave rise to Plaintiff's poor health arise from conduct by Defendants which occurred in the Southern

24 District.  Additionally, the property which the alleged unfair debt collection practices revolve is in

25 the Southern District.  Conversely, venue is inappropriate in the Central District of California

26 because no Defendant lives in the Central District of California and the property subject to the unfair

27 debt collection practices is not located in the Central District of California.  While the Plaintiff does

28 allege he was hospitalized within the Central District of California as a result of the alleged debt

1 | collection practices engaged in by the Defendants, these events do not rise to the level of the

2 | "substantial" events requirement of 28 U.S.C. § 1406(a).

3 | **B. Although venue is improper in the Central District of California, transfer of the**

4 | **claim to the Southern District of California pursuant to 28 U.S.C. § 1406(a) is**

5 | **appropriate.**

6 | Because this claim could have been filed in the Southern District of California it is in the

7 | interest of justice to transfer rather than dismiss this claim. *Papercraft Corp. v. Procter & Gamble*

8 | *Co.* 439 F.Supp. 1060, 1063 (D.C. Pa. 1977) (finding transfer of a claim to where it could have been

9 | brought it in the interest of justice per 28 U.S.C. § 1406(a)).  However, the Court notes that as of

10 | February 11, 2009, no opposition from the Plaintiff to WK's Motion to Transfer has been received

11 | and that similar inaction has been grounds for dismissal. *E.g. Pinesich v. Miller*, 89 F.Supp. 539

12 | (E.D. Pa. 1950) (noting that lack of reason to transfer does not require transfer).

13 | **IV. Disposition**

14 | Because the Court finds that venue is improper in the Central District of California and transfer to

15 | the Southern District of California in the interest of justice per the requirements of 28 U.S.C. §

16 | 1406(a), it GRANTS Defendants' WK Motion to Transfer.

17 |

18 |

19 | IT IS SO ORDERED.

20 |

21 | DATED: February 11, 2009

22 | THE HONORABLE DAVID O. CARTER
U.S. DISTRICT JUDGE

23 |

24 |

25 |

26 |

27 |

28 |

4